NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL MARTIN SANDERS,

Petitioner - Appellant,

v.

CHARLES L. RYAN; DORA B.
SCHRIRO; ARIZONA ATTORNEY
GENERAL,

Respondents - Appellees.

No. 09-17088

D.C. No. 2:05-cv-00572-EHC

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Earl H. Carroll, Senior District Judge, Presiding

Argued and Submitted June 12, 2013
San Francisco, California

Before: SCHROEDER, RIPPLE**, and CALLAHAN, Circuit Judges.

Michael Martin Sanders appeals the district court's denial of his 28 U.S.C.

§ 2254 habeas petition challenging his Arizona convictions for first-degree felony

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Kenneth F. Ripple, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

murder, first-degree burglary, unlawful imprisonment, and aggravated assault. Sanders's convictions arose out of an incident where he and four associates invaded a house. A gunfight between Sanders and an occupant of the house resulted in the deaths of two people inside. By convicting Sanders of burglary and felony murder, the jury found that Sanders invaded the house with the intent to commit a robbery, and rejected his claim that he entered the house with the intent to apprehend a bail absconder.

Because Sanders filed his petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 governs review of his claims. Under AEDPA, 28 U.S.C. § 2254(d), our review is highly deferential. *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). We will not grant habeas relief unless Sanders can show that the state court's last reasoned adjudication of his federal claims resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Sanders's primary contention is that trial counsel was ineffective for not arguing at trial and in post-trial proceedings that Sanders's entry into the house was

justified under Arizona Revised Statutes § 13-3892, which provides that a private person may enter a building to arrest someone who commits a felony in the private person's presence. *See* Ariz. Rev. Stat. § 13-3892. The state court concluded in post-conviction proceedings that counsel was not ineffective, and this conclusion was not an unreasonable application of the facts. The person Sanders claimed committed a felony in his presence was not in the house during the invasion, and the § 13-3892 defense was thus inapplicable. *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005) ("[T]rial counsel cannot have been ineffective for failing to raise a meritless objection."). The state court's alternative finding that the verdict would not have been different had trial counsel presented the § 13-3892 defense was also not unreasonable, because the jury rejected Sanders's argument that the invasion was for legitimate bail enforcement purposes. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Sanders further maintains that trial counsel was ineffective for not offering expert testimony concerning the tactics that bail enforcement agents employ when entering a house to apprehend a bail absconder. The state court's rejection of this claim of ineffective assistance was not unreasonable. Sanders does not identify the exculpatory evidence that any purported expert would have provided. *See Grisby v. Blodgett*, 130 F.3d 365, 373 (9th Cir. 1997). Moreover, the state court's finding

3

that the verdict would have been the same had counsel proffered expert testimony on bail enforcement tactics was not unreasonable, because evidence that Sanders complied with the standards governing bail enforcement agents would have been irrelevant. Such evidence would have been irrelevant since Sanders could have entered the house with the sole intent to commit a robbery, yet executed the robbery using tactics that were consistent with bail enforcement standards.

Sanders also contends that appellate counsel was ineffective for not asserting on direct appeal that the jury instructions constituted fundamental error under *Sullivan v. Louisiana*, 508 U.S. 275 (1993). An examination of the record reveals, however, that appellate counsel did raise this argument on direct appeal, and, in any event, the substance of the claim is meritless. The state court's conclusion that appellate counsel was not ineffective was thus not unreasonable.

Sanders also contends that various evidentiary rulings by the state court violated his constitutional rights. The state court's denial of these claims on direct appeal was not unreasonable. Sanders has not established that the trial court's rulings rendered his trial fundamentally unfair or denied him a meaningful opportunity to present a complete defense. *See Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). The trial court's evidentiary rulings did not prevent him from arguing to the jury that he

4

entered the house with the intent to arrest a bail absconder rather than to commit a robbery, an argument the jury rejected.

Sanders further contends that the State violated his right to counsel by interfering with the attorney-client relationship. The state courts rejected these claims in Sanders's motion to vacate the judgment and in post-conviction relief proceedings. The state courts' rejection of these claims was not unreasonable. Sanders has not established that the State's alleged interferences with the attorney-client relationship were prejudicial. *See Williams v. Woodford*, 384 F.3d 567, 584–85 (9th Cir. 2004) (noting that government interference "with the confidential relationship between a criminal defendant and defense counsel . . . violates the Sixth Amendment right to counsel if it substantially prejudices the criminal defendant").

Sanders finally contends that the record the district court reviewed was inadequate to consider his claims. Sanders, however, would not be entitled to habeas relief even if all disputes regarding the record were resolved in his favor. *See Harrington*, 131 S. Ct. at 786–87. The habeas record is thus sufficient to fully consider his claims, and remand to the district court for further development of the record is unnecessary. *See Hart v. Stagner*, 935 F.2d 1007, 1011 (9th Cir. 1991).

**AFFIRMED**.

5